**KING–SEELEY THERMOS COMPANY, Plaintiff-Appellant,**

v.

**MILLERSVILLE MANUFACTURING COMPANY, Defendant-Appellee.**

**No. 18879.**

United States Court of Appeals
Sixth Circuit.

July 3, 1969.

Don K. Harness, Detroit, Mich., Cyrus G. Minkler, Harness, Dickey & Pierce, Detroit, Mich., on brief, for appellant.

McNeill Stokes, Atlanta, Ga., Jordan Stokes, III, Nashville, Tenn., Stokes & Manning, Atlanta, Ga., on brief, for appellee.

Before PHILLIPS, PECK and Mc-CREE, Circuit Judges.

PER CURIAM.

This is a patent infringement suit involving U. S. Patent No. 2,753,694 owned by plaintiff-appellant (King-Seeley) for an ice-making machine. In an opinion published at 296 F.Supp. 247, District Judge Frank Gray, Jr. held that the patent is valid but that under applicable law the patent has not been infringed by defendant-appellee (Millersville). Reference is made to the opinion of the District Judge for a detailed statement of facts.

The patent in suit has been held valid in a number of reported decisions. King-Seeley Thermos Co. v. Tastee Freeze Industries, Inc., 357 F.2d 875 (7th Cir.), cert. denied, 385 U.S. 817, 87 S.Ct. 38, 17 L.Ed.2d 56; King-Seeley Thermos Co. v. Refrigerated Dispensers, Inc., 354 F.2d 533 (10th Cir.); King-Seeley Corp. v. Cold Corp. of America, 182 F.Supp. 768 (N.D.Ill.).

On appeal King-Seeley asserts that the District Court applied an erroneous standard in determining the question of infringement and that the finding of non-infringement is clearly erroneous.

Diagrams of the King-Seeley ice-making machine and the accused Millersville machine are printed as appendices to the opinion of the District Court. During the trial the machines were demonstrated to the District Judge. The Court held that although there are superficial resemblances be-

tween the King-Seeley machine and the accused machine, there is no infringement by Millersville.

Upon consideration of the record and briefs and oral argument of counsel we hold that the District Court did not apply an erroneous standard in determining the question of infringement and that the finding of fact of noninfringement is not clearly erroneous, Rule 52(a), Fed.R.Civ.P., but to the contrary is supported by substantial evidence. We accordingly hold that the District Court was correct in ruling that there was no infringement.

Affirmed.